## LAUPAHOEHOE SUGAR CO. *vs* KANAELE.

APPEAL FROM DISTRICT COURT OF NORTH HILO.

HEARING, MAY 22, 1894.                    DECISION, MAY 22, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A clause in a contract for labor in which the laborer agrees that if absent from work without the consent of his employer he will perform two days service for every working day so absent, does not prevent the contract from being penally enforced according to law.

OPINION OF THE COURT, BY JUDD, C.J.

On the 16th of April last defendant was brought before the District Magistrate of North Hilo, Hawaii, by warrant sworn out by the Laupahoehoe Sugar Company, charging him with having deserted work. The defendant is a laborer in the employ of the plaintiff corporation under a written contract duly made and executed, according to the statutes applicable, on the 5th September, 1893, by which the defendant agreed to work for plaintiff for the term of twenty-four months at stipulated wages. The defendant moved for dismissal of the case " on the ground that according to the contract if he stayed off a day he was bound to work two, therefore as the punishment was prescribed in the contract the court could not impose a punishment in the case."

The contract contained the following clause. Section " III. The party of the second part further agrees to work at night and rest during the day, whenever directed to do so, and if absent from work without the consent of the party of the first part or its agents, that he will perform two days service for every working day so absent."

The district magistrate granted the motion and dismissed the case. The plaintiff then appealed to this Court on the

point of law involved and the parties stipulated in writing that the Justices of the Supreme Court might hear the case in vacation and give judgment as in term time.

### BY THE COURT.

There was a statute formerly existing under the Masters and Servants Act, that in case a person lawfully bound to service absented himself from such service without leave of his master the justice could compel the laborer to serve not to exceed double the time of his absence. This was repealed by Chap. 28, Laws of 1882. We do not know, nor is it pertinent to our case to enquire, why such a clause has been inserted in the agreement before us which is in a printed form.

The clause by which the laborer agrees to perform two days service for every working day absent from work, cannot be specifically enforced by the law as it stands. Such clause is valueless as a remedy to the employer, except perhaps that a suit might be brought upon it after the expiration of the term for damages for breach of contract.

The clause not being specifically enforceable, that is by compelling the laborer to do exactly what he agreed to do, and perform two days of labor for every day's absence, it does not displace the remedy provided by law, which is for the first willful absence the magistrate's ordering him to return to service and pay costs and for the next absence a fine not to exceed $5 and costs, and for subsequent absences a fine not to exceed $10 and costs, and imprisonment at hard labor until paid. We hold that the clause of the contract under discussion affords a concurrent remedy only to the employer, and does not prevent the employer from resorting to the statutory method of enforcement nor is it a waiver by the employer of his right to such enforcement.

Appeal sustained and the defendant is ordered to return to his employer's service and pay costs.

*A. S. Hartwell*, for plaintiff.